UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                     :
    Plaintiff,                :
                                  :
 v.                               :     File No. 2:06-CV-217
                                  :
Dr. Paul Cotton, et al.,          :
    Defendants.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 5, 10 and 19)

     Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming that he has received inadequate medical and mental health care while incarcerated.  Bain alleges that as a result of head and spinal injuries suffered after multiple car accidents, he suffers from chronic pain and traumatic brain injuries.  Prior to his arrest in 2003, he was allegedly treated with narcotic pain medications.  Once incarcerated, however, he was initially denied such medications.  Bain also claims that his pleas to defendants Cotton and Cody did not result in any "meaningful help or treatment."

    Currently pending before the Court are Bain's motion for default judgment, defendant Matrix Health Systems' motion to amend its answer, and defendant Cotton's motion to dismiss based upon Bain's alleged

refusal or failure to authorize release of his medical records.  The motion for default judgment was filed less than one week after waivers were sent to the defendants by the United States Marshals Service.  Under the terms of those waivers, and pursuant to Fed. R. Civ. P. 4(d)(3), the defendants had 60 days to file responsive pleadings.  For those defendants who executed and returned the waivers returned executed, answers have been filed.  The motion for default judgment (Paper 5) should, therefore, be DENIED.

Defendants Matrix Health Systems, P.C. and Otter Creek Associates, Inc. seek to amend their answer to add an affirmative defense.  The motion is unopposed, and would in any event be granted under the lenient standard of Fed. Rule Civ. P. 15.  Accordingly, the motion to amend answer (Paper 10) is GRANTED.

Finally, defendant Cotton has moved to dismiss the case on the ground that Bain has "refused or neglected to respond" to requests for access to his medical records.  Dr. Cotton no longer provides mental health services to Vermont inmates, and thus has no access to Bain's mental health, medical or correctional records.

On March 5, 2007, Cotton's attorney wrote to Bain and enclosed consent and authorization forms for Bain to sign and return.  Cotton submitted his motion to dismiss, citing Bain's failure to cooperate, on May 4, 2007.

In response to the motion to dismiss, Bain contends that he himself has not been given access to his records.  He claims that he has contacted the Vermont Department of Corrections, but that the requested materials have not been sent.  Bain insists that he is willing to produce these records in discovery, but only after he has been able to obtain them for his own purposes.

Bain also argues that dismissal at this early stage, and on this ground, is premature.  Indeed, it appears that dismissal is not warranted since Bain, despite his efforts, is willing to provide his medical records.  His concern is primarily one of fairness, since granting access to the defendants may not alleviate the problems he is allegedly having with the Department of Corrections.  If only one side is given

access to the relevant documents, this will be patently unfair.

For this reason, I recommend that the motion to dismiss (Paper 19) be DENIED without prejudice.  The parties are encouraged to work together, and with any necessary third parties (e.g. the Department of Corrections), to obtain the relevant documents and to ensure that access to those materials is available to both the plaintiff and the defendants.  Also, Bain is encouraged to consider signing the authorization and consent forms, and to allow the defendants to assist him in obtaining the relevant documents.  In any event, if it becomes clear that any party is obstructing efforts to obtain and/or produce discoverable materials, motions may be filed pursuant to the Local Rules and the Court may impose appropriate sanctions.

## Conclusion

For the reasons set forth above, I recommend that Bain's motion for default judgment (Paper 5) and Cotton's motion to dismiss (Paper 19) be DENIED.  The motion submitted by defendants Matrix Health Systems,

P.C. and Otter Creek Associates, Inc. to amend their answer (Paper 10) is GRANTED.

Dated at Burlington, in the District of Vermont, this 12th day of July, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).