UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,                    :
         Plaintiff,              :
                                 :
         v.                      :    File No. 2:06-CV-217
                                 :
Dr. Paul Cotton, Steven          :
Gold, Robert Hofmann,            :
Otter Creek Associates,          :
William Cote, Mimi               :
Francis, and unknown             :
mental health care               :
providers,                       :
         Defendants.             :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 111, 113, 114, 125, 126, 127 and 130)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming that he received inadequate mental health care at the outset of his incarceration. Currently pending before the Court are Rule 12 motions for dismissal filed by defendants Paul Cotton and William Cote, as well as a series of procedural motions. For the reasons set forth below, I recommend that the motions to dismiss be DENIED except with respect to Bain's Fourteenth Amendment claim. The remaining procedural motions are resolved below.

Factual Background

This case was filed in late 2006, commencing with a six-page complaint and Bain's application for leave to proceed *in forma pauperis*. *In forma pauperis* status was

granted, and the complaint was accepted by the Court.  The complaint claims that Bain's mental health treatment while in prison violated his constitutional rights under the Eight and Fourteenth Amendments.  For relief, he seeks compensatory and punitive damages totaling $1 million.

Specifically, the complaint alleges that Bain was arrested on May 22, 2003 and incarcerated at the Marble Valley Correctional Facility in Rutland, Vermont.  In the years prior to his arrest, Bain had allegedly sustained "serious head and spinal injuries" in "multiple automobile accidents," resulting in "serious chronic pain, as well as symptoms of traumatic brain injury."  (Paper 4 at 2).  For treatment of these conditions, his doctors had prescribed narcotic pain medications and valium.

Upon his arrival in state custody in 2003, Bain was allegedly denied medication for his chronic pain.  In addition to his untreated pain, he began to suffer symptoms of withdrawal.  Id. at 3.  Despite his alleged suffering, he claims that he was never offered any form of detoxification treatment.

In late June 2003, Bain was transferred to a facility in Windsor, Vermont.  There, he was provided a psychiatric

evaluation by Dr. Paul Cotton.  Bain's recollection of his meeting with Dr. Cotton is that he informed the doctor of "his withdrawal condition, as well as the fact that he was suffering from severe chronic pain, extreme anxiety, deep depression and the symptoms of traumatic brain injury." (Paper 4 at 4).  Dr. Cotton allegedly responded that these were "medical issues," and thanked him for "stopping by." Id.

Bain was subsequently treated by defendant William Cote.  The date of this treatment is not set forth in the complaint.  Bain reportedly made Cote "aware of Plaintiff's tenuous situation," but Cote "offered no meaningful help or treatment."  Id.

## Relevant Procedural Background

On October 10, 2008, Bain filed a motion to add psychiatric nurse Mimi Francis as a party.  He claims that, like Cote, Francis was aware of his pain symptoms but failed to "render any medically indicated intervention."  (Paper 99 at 4).  The Court granted the motion to amend on November 6, 2008, and on January 23, 2009 ordered Bain to file his amended complaint within 20 days.

On February 17, 2009, Bain filed an amended complaint

naming Francis and several other new individuals as defendants. With the exception of Francis, none of the new defendants had been approved by the Court for amendment. Bain also included an Americans with Disabilities Act ("ADA") claims that had been specifically disallowed by the Court in a prior order. Accordingly, the defendants have filed a joint motion to strike the amended complaint.

In addition to the motion to strike, defendants Cotton and Cote have filed motions to dismiss. Both defendants argue that the complaint is untimely. Cote further contends that Bain's substantive claims are insufficient.

The most recent motion is a joint submission by the defendants for an order enjoining Bain from filing any further pleadings without leave of the Court. In support of their motion, the defendants cite Bain's 15 federal lawsuits since 2006, his 14 state court lawsuits, and his many filings in the instant case.

Discussion

I. <u>Motion to Strike Amended Complaint</u>

Because the fate of Bain's amended complaint may impact the remaining motions, the Court will address that issue first. As discussed above, Bain's amended complaint added

Mimi Francis as a defendant, but also named defendants and added claims that were not approved by the Court.  The defendants now move to strike, arguing that these latter amendments are improper, and that in any event the amended complaint was filed beyond the deadline set by the Court.

In its Order dated January 23, 2009, the Court required Bain to file his amended complaint on or before February 13, 2009.  The Amended Complaint was filed on February 17, 2009, but was signed and mailed on February 12, 2009.  Under the "prison mailbox" rule, a *pro se* document is deemed filed at the time it was delivered to "prison authorities for forwarding to the court clerk."  <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).  "In cases where it is unclear when the inmate gave his petition to prison officials, courts have assumed that the petitioner submitted the petition on the same date it was purportedly signed and dated."  <u>Tracy v. Freshwater</u>, 2008 WL 850594, at *1 (N.D.N.Y. March 28, 2008). Here, that date was February 12, 2009, thus rendering the amended complaint timely.

The content of the amended complaint, however, goes well beyond what Bain proposed previously or what the Court allowed.  When the Court granted Bain's motion to amend, it

did so notwithstanding the fact that he had not submitted a redlined version of the proposed amendments as required by Local Rule 15.1. The Court permitted the addition of Mimi Francis as a party, but barred a proposed ADA as "superfluous" to his Eighth Amendment claim. (Paper 103).

Now Bain has abused the Court's lenience with an amended complaint that names not only Francis, but five additional defendants. The amended complaint also adds the previously-disallowed ADA claim. Because the amended complaint does not comply with the Court's order, the motion to strike (Paper 114) is GRANTED.

II. <u>Motions to Dismiss</u>

The Court will next address the dispositive motions filed by defendants Cotton and Cote. On a motion to dismiss or for judgment on the pleadings, the Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in Bain's favor. <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007); <u>Patel v. Contemporary Classics of Beverly Hills</u>, 259 F.3d 123, 126 (2d Cir. 2001). The complaint's allegations, however, "must be enough to raise a right of relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 127

S. Ct. 1955, 1965 (2007). Thus, Bain must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. This "flexible 'plausibility standard,' . . . obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original and quoting Twombly, 127 S. Ct. at 1968). If Bain "[has] not nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 127 S. Ct. at 1974. Because Bain is proceeding *pro se,* the Court must construe his pleadings liberally, and read them "to raise the strongest arguments they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001).

    A.   Cotton's Motion For Judgment On The Pleadings

    Dr. Cotton argues that the complaint is untimely. The complaint alleges that Bain was seen by Dr. Cotton on July 6, 2003. Bain filed his complaint on November 1, 2006, over three years later.

    Bain brings his claims under 42 U.S.C. § 1983. Civil rights claims brought under 42 U.S.C. § 1983 are subject to

Vermont's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987).  That statute of limitations is three years.  12 V.S.A. § 512(4). Consequently, without some form of tolling, Bain's claim is untimely.

Bain asserts that his claim is saved by the Vermont tolling statute set forth at 12 V.S.A. § 551(a).  That statute provides: "[w]hen a person entitled to bring an action specified in this chapter is a minor, insane or imprisoned at the time the cause of action accrues, such person may bring such action within the times in this chapter respectively limited, after the disability is removed."  12 V.S.A. § 551(a).  Thus, Bain's claim would remain timely until three years after his release from incarceration.

Cotton responds that the statute is outdated, and should not apply since Bain is not "disabled" as contemplated by § 551(a).  Indeed, Cotton argues, Bain's multiple filings in state and federal courts show that "the policy behind Vermont's tolling statute for imprisoned inmates is no longer valid and § 551(a) should not be

applied to the case of an inmate who is not under a disability that closes the courts to his lawsuits." (Paper 113 at 8). Cotton submits that application of this statute to a prisoner is a matter of first impression in Vermont.

Although the Vermont Supreme Court has not applied § 551(a) in the context of a prisoner suit, this Court has held that § 551(a) will toll the limitations period for an incarcerated plaintiff. See <u>Dufresne v. Gorczyk</u>, File No. 2:03-CV-2 (Paper 80). The <u>Dufresne</u> decision relied upon <u>Hardin v. Straub</u>, 490 U.S. 536, 543 (1989), in which the Supreme Court reviewed a Michigan statute similar to 12 V.S.A. § 551(a) and unanimously held that such statutes may be applied in § 1983 actions. <u>Hardin</u> recognized that "many prisoners are willing and able to file § 1983 suits while in custody," but found that "a State reasonably might conclude that some inmates may be loathe to bring suit against adversaries to whose daily supervision and control they remain subject, or that inmates who do not file may not have a fair opportunity to establish the validity of their allegations while they are confined." 490 U.S. at 544. Accordingly, the Supreme Court concluded that the statute in question "reflects a legislative decision to lessen any such

difficulties by extending the time in which prisoners may seek recovery for constitutional injuries." Id. The Court further held that this "legislative decision" was not in conflict with the remedial purpose of § 1983. Id.

Bain's obvious ability to engage in litigation while imprisoned may call into question the wisdom of § 551(a)'s tolling provision as it applies to prisoners. Nonetheless, the Supreme Court has held that this type of statute should be adhered to in § 1983 actions, and suggests in Hardin that deference is owed to state legislatures. I therefore recommend that the Court apply § 551(a), and DENY Cotton's motion to dismiss Bain's claim as untimely.

B. Cote's Motion To Dismiss

1. *Statute of Limitations*

William Cote has set forth several grounds for dismissal of the claims brought against him, including a statute of limitations argument. While tolling under 12 V.S.A. § 511(a) should apply as discussed above, filings subsequent to the complaint also indicate that treatment may have been provided by Cote within three years of the date on which, under the "prison mailbox" rule, Bain filed his complaint. (Paper 123 at 5) (acknowledging treatment note

dated October 29, 2003) (Paper 4 at 6) (complaint signed on
October 20, 2006).  The complaint should therefore be deemed
timely with respect to Bain's claim against defendant Cote.

    2.  *Lack of Personal Involvement*

Cote also argues that Bain has failed to allege
sufficient personal involvement.  The claim against Cote is
that, after Bain was allegedly denied assistance by Dr.
Cotton, "Plaintiff while incarcerated at Northern State
Correctional Facility in Newport, Vermont, was seen by
Defendant, Bill [Cote] to no avail.  Clearly, Bill was fully
aware of Plaintiff's tenuous situation.  He offered no
meaningful help or treatment."  (Paper 4 at 4).

Personal involvement of a defendant in alleged
constitutional deprivations is a prerequisite to an award of
damages under section 1983.  Wright v. Smith, 21 F.3d 496,
501 (2d Cir. 1994) (citing Moffitt v. Town of Brookfield,
950 F.2d 880, 885 (2d Cir. 1991) and McKinnon v. Patterson,
568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S.
1087, 98 S. Ct. 1282 (1978)).  In order to prevail on a §
1983 cause of action against an individual, a plaintiff must
show some tangible connection between the constitutional
violation alleged and that particular defendant.  See Bass

v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).

Motions to dismiss for lack of personal involvement are typically brought by defendants who were *in*directly involved in an alleged violation, such as supervisors who may have received notice of wrongdoing. See, e.g., Colon v. Coughlin, 58 F.3d 865, 873 (2d. Cir. 1995). Here, however, the complaint alleges that Cote met directly with Bain and thus became aware of Bain's chronic pain and drug withdrawal issues. The complaint also suggests that Cote was a health care provider with some control over Bain's course of treatment, but took no "meaningful" action to remedy his pain. These claims allege sufficient direct contact with the plaintiff to survive a motion to dismiss for lack of personal involvement.

3. *Failure to State an Eighth Amendment Claim*

An entirely separate question, also raised in Cote's motion, is whether Bain has alleged sufficient facts to support a claim of unconstitutional conduct. To prevail on a claim of inadequate medical care under the Eighth Amendment, a plaintiff must show two things: (1) that he had a sufficiently serious medical need; and (2) that the defendant was deliberately indifferent to that serious

medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Mere disagreement with prison officials about what

constitutes appropriate medical care does not state a

cognizable claim under the Eighth Amendment.  Ross v. Kelly,

784 F. Supp. 35, 44 (W.D.N.Y. 1992).  Furthermore, prison

officials have broad discretion in determining the nature

and the character of medical treatment afforded to inmates,

and an inmate does not have the right to the treatment of

his choice.  Id. at 45 (citing Dean v. Coughlin, 804 F.2d

207, 215 (2d Cir. 1986); Jackson v. Fair, 846 F.2d 811,

817-18 (1st Cir. 1988)).

Bain argues that he suffered from "severe chronic

pain."  Taking this claim at face value, it appears to

satisfy the "serious medical need" requirement for an Eighth

Amendment claim.  As to the deliberate indifference prong,

Bain claims simply Cote was aware of his suffering and

failed to take appropriate action.

Cote characterizes Bain's claim differently, arguing

that "[r]educed to its essence, Plaintiff is complaining

that he is dissatisfied with Cote's treatment, or that he

disagrees with Cote's impressions." (Paper 123 at 5).  This

reads the complaint too narrowly.  Instead of alleging a

disagreement, Bain appears to claim that he received no "meaningful" treatment whatsoever, and that Cote's conduct was deliberate. (Paper 4 at 4).

Cote may well have had legitimate reasons for not providing what Bain would consider "meaningful" treatment. However, "[w]hether a course of treatment was the product of sound medical judgment, negligence, or deliberate indifference depends on the facts of the case," and those facts have not yet been fully developed. <u>Chance v. Armstrong</u>, 143 F.3d 698, 704 (2d Cir. 1998). Because Bain's allegations render his Eighth Amendment plausible, dismissal is not yet warranted. Accordingly, the motion to dismiss for failure to state a claim should be DENIED.

4. *Failure to State a Fourteenth Amendment Claim*

Cote next contends that Bain has no basis for an independent Fourteenth Amendment claim. The complaint makes no reference to any particular portion of the Fourteenth Amendment, focusing primarily on Eighth Amendment concepts such as cruel and unusual punishment. (Paper 4 at 1, 5). In response to the motion to dismiss, Bain explains that he is bringing an equal protection claim based upon his medical needs and disabilities. (Paper 116 at 13).

The Equal Protection Clause of the Fourteenth Amendment states no "State [shall] deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It further "directs that all persons similarly circumstanced shall be treated alike." Plyler v. Doe, 457 U.S. 202, 216 (1982) (citation omitted). The Second Circuit has held that in order for a prisoner to state a violation of the Equal Protection Clause, the prisoner "must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (citation omitted). An Equal Protection claim may also be brought "by a 'class of one' where a plaintiff alleges that [ ]he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" African Trade & Info. Ctr., Inc. v. Abromaitis, 294 F.3d 355, 362-63 (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).

Here, Bain is merely re-cloaking an Eighth Amendment claim as a Fourteenth Amendment claim. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("[t]he first step in any

[§ 1983] claim is to identify the specific constitutional right allegedly infringed."). His facts allege that his treatment was cruel and unusual, with no support for a belated contention that he was somehow treated differently due to a dependency on a certain drug regimen. Because Bain has failed to allege that he was treated differently from other inmates who were similarly situated, he has not stated a valid equal protection cause of action, and Cote's motion to dismiss on this point should be GRANTED. See, e.g., Lighthall v. Vadlamudi, 2006 WL 721568, at *16 (N.D.N.Y. March 17, 2006).

> 5. *Prison Litigation Reform Act*

Cote also raises two arguments under the Prison Litigation Reform Act ("PLRA"). First, he submits that Bain has failed to allege physical harm as required by the PLRA for an action seeking damages. 42 U.S.C. § 1997e(e). The PLRA states in relevant part: "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Id.

Cote's argument is belied by Bain's claim that he suffered from "severe chronic pain." (Paper 4 at 4).

Drawing all reasonable inferences in Bain's favor, the Court may assume that this pain continued once Bain's drug regimen was terminated. One complication with respect to this issue is Cote's assertion that he is a psychiatric nurse (Paper 123 at 1), and may therefore only be responsible for Bain's mental health care. Cote has not briefed whether the nature of his role limits his liability to mental and emotional injuries, and the Court should not dismiss on this basis at this time.

Cote's next argument is that Bain's complaint does not demonstrate exhaustion of the prison grievance process. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90-93 (2006) (requiring "proper exhaustion"). The failure to exhaust is an affirmative defense, and the burden is on the defendants to show that Bain failed to meet the exhaustion requirements. See Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004); Douglas v. Skellie, 2009 WL 935806, at *5 (N.D.N.Y. April 3, 2009). While dismissal may be appropriate on a motion to dismiss if the allegations in the complaint establish failure to exhaust, the complaint need not specially plead or demonstrate exhaustion. See Jones v. Bock, 549 U.S. 199, 216 (2007).

Bain's complaint does not mention exhaustion, and therefore does not demonstrate that he has failed to exhaust the required procedures. Cote has not offered any affidavits or documentation to support his argument, and has therefore failed to carry his burden. The motion to dismiss for lack of exhaustion should, therefore, be DENIED.

6. *Untimely Service*

Cote's final argument is that service in this case was untimely under Fed. R. Civ. P. 4. Because Bain is an *in forma pauperis* litigant, service was undertaken by the U.S. Marshals Service. The applicable rule with respect to timeliness of service is that, so long as the plaintiff provides the Marshals with the information necessary to serve a defendant, the failure of the Marshals to effect service of process in a timely manner relieves the plaintiff of having to show "good cause" within the meaning of Rule 4(m). Stoenescu v. Jablonsky, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

For reasons that are not entirely clear, effecting service upon Cote was particularly difficult. In response to Bain's motions urging personal service, the Court enlisted the assistance of defendants' counsel. (Paper 57

18

at 4) (noting that Bain was incarcerated in Oklahoma, and that "[g]iven his remote location, it is unlikely that he is able to provide the Marshals Service with the information necessary for service upon [Cote].").  Despite the joint efforts of the plaintiff, the Court and counsel, Cote was not served until January 21, 2009.

Cote argues that Bain should have "looked in any telephone directory in the Northeast Kingdom," that he is registered with the Vermont Secretary of State's Office of Professional Regulation, and that Bain was provided his phone number in September 2008.  (Paper 111 at 11).  None of these arguments take into account either Bain's status as a prisoner, often out of state, during the pendency of this case, or the efforts of others to locate Cote.  The motion to dismiss for failure to effect timely service should, therefore, be DENIED.

III.  <u>Defendants' Motion To Enjoin Further Filings</u>

The defendants' most recent filing seeks to bar Bain from "making any further filings in this case or from bringing any new actions with[out] prior written permission of the Court."  (Paper 127 at 5).  The motion cites Bain's numerous prior case filings in state and federal courts, as

well as his many motion filings in this case.

"If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted). Bain's considerable litigation history is a matter of public record.  In this Court, he has filed lawsuits covering a variety of issues including: his dental care; his medical and mental health care within and outside of Vermont; an alleged denial of access to a work camp; and the conditions of his out-of-state transport.  Several of these cases have been closed, either by means of dismissal without prejudice or transfer to a different jurisdiction.  Other cases are ongoing.

While some of these suits may have been duplicative (indeed, some cases were consolidated), none have yet been deemed frivolous.[1]  Consequently, it is not clear that Bain's future access to the judicial system should be

---

[1]  The defendants cite several instances in which requests for certificates of appealability were denied as frivolous.  Denial of a request for a certificate of appealability does not, however, necessarily mean that the substance of the underlying claim was frivolous.  For example, if a case is dismissed without prejudice for lack of exhaustion, that does not mean that the substantive claim being brought by the plaintiff was frivolous.

limited.  See In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994)

("With respect to civil litigation, courts have recognized

that the normal opportunity to initiate lawsuits may be

limited once a litigant has demonstrated a clear pattern of

abusing the litigation process by filing vexatious and

frivolous complaints.").

    As to Bain's conduct in this particular case, his

amended complaint abused the Court's leave, and the filing

has been stricken.  At times, Bain has submitted

inappropriate filings, such as his premature motion to

strike an affirmative defense.  As a *pro se* litigant,

however, he is allowed extra leeway with respect to

procedural matters.  See Sims v. Blot, 534 F.3d 117, 133 (2d

Cir. 2008).  Where his filings are clearly abusive, further

motions to strike will be entertained.  However, a blanket

order limited his future filings is not warranted at this

time.  The defendants' motion is, therefore, DENIED.

IV.  Motion For Appointment Of Counsel

    Bain's most recent filing is a request for appointment

of counsel.  This is his second such request. The reasons he

sets forth in support of his motion are essentially the same

as those he cited previously, with the added fact that the

defendants have moved to bar him from submitting any future filings.

As the Court stated previously, Bain appears able to present his claims without professional assistance. Moreover, and despite the age of the case, the merits of his claims remain unclear.  See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (courts must first look at the "likelihood of merit" of the underlying dispute).  Even if the Court were satisfied of the substantive merit of the case, it would need to assess: 1) Bain's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) Bain's ability to present the case; 4) the complexity of the legal issues; and 5) any other special reason in the case why appointment of counsel would be more likely to lead to a just determination.  Id. (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)).

The issues in this case are neither unique nor complex. The facts center on specific contacts with a few prison health care providers.  Once those facts are established, the legal question will be whether those defendants' actions

violated the Eighth Amendment.  Discovery is proceeding, and
Bain should be able to assemble the relevant facts.

Because claims such as those presented here are common
in the prison setting, the Court sees no special
complexities, either legal or factual, that entitle Bain to
appointed counsel.  Moreover, Bain's current motion appears
to have been triggered by the defendants' motion to enjoin
further filings, and that motion is being denied.  The
motion for appointment of counsel is, therefore, DENIED.

V.  <u>Going Forward</u>

This case is now approximately two-and-a-half years
old.  The defendants attribute the lack of progress, in
part, to Bain's many motions and memoranda.  Bain argues
that the defendants have been non-responsive in discovery.
Delay in service upon defendant Cote has certainly been a
contributing factor, as has the proposed addition of Mimi
Francis as a party.

In the coming months, the Court fully expects that
discovery in this case will be closed, and that dispositive
motions, if appropriate, will be filed.  Accordingly, it is
hereby ORDERED that a Stipulated Discovery Order be filed
with the Court no later than June 10, 2009.  If approved by

the Court, the deadlines in that Order will be strictly enforced.

Finally, the Court will permit Bain one more opportunity to amend his complaint to add a claim against Mimi Francis.  The pleading may not include any other new claims or parties.  Attempts to amend beyond what has been allowed by the Court will likely result in dismissal of Francis from the case and other sanctions.  The amended complaint shall be filed on or before June 3, 2009.

## Conclusion

For the reasons set forth above, I recommend that defendant Cotton's motion for judgment on the pleadings (Paper 113) be DENIED.  I also recommend that defendant Cote's motion to dismiss Bain's Fourteenth Amendment claim be GRANTED, and that the motion (Paper 111) be otherwise DENIED.  The defendants' joint motion to strike the amended complaint (Paper 114) is GRANTED, and Paper 112 is STRICKEN.

Cotton's motion for leave to file a surreply (Paper 125) is GRANTED, and Cote's motion to strike Bain's unauthorized reply memorandum (Paper 126) is DENIED.  The defendants' motion to enjoin further filings (Paper 127) and Bain's motion for appointment of counsel (Paper 130) are

DENIED.

If Bain seeks to amend his complaint to add a claim against Mimi Francis, he shall file the amended complaint on or before June 3, 2009. The parties shall submit to the Court a Stipulated Discovery Order on or before June 10, 2009.

Dated at Burlington, in the District of Vermont, this 11th day of May, 2009.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).