UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,
    Plaintiff,

v.                                                                        Civil Action No. 2:06-CV-217

Dr. Paul Cotton, Steven Gold,
Robert Hofmann, Otter Creek
Associates, William Cote, Mimi
Francis, and unknown mental
health care providers,
    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 189)

Plaintiff Stephen Bain, a Vermont inmate proceeding *pro se*, brings this action claiming that he received inadequate mental health care at the outset of his incarceration. Currently pending before the Court are a series of motions for summary judgment filed by the defendants. Also pending is Bain's motion for emergency injunctive relief in which he claims that the defendants have denied him adequate access to legal materials. For the reasons set forth below, I recommend that Bain's motion for emergency injunctive relief (Doc. 189) be DENIED, and that he be required to respond to the defendants' pending motions.

## Factual and Procedural Background

Bain was arrested in May 2003, and was subsequently incarcerated at the Marble Valley Correctional Facility in Rutland, Vermont. In the years prior to his arrest, he had reportedly sustained "serious head and spinal injuries" in "multiple automobile

accidents," resulting in "serious chronic pain, as well as symptoms of traumatic brain injury." (Doc. 4 at 2.) For treatment of these conditions, his doctors had allegedly prescribed narcotic pain medications and Valium. Upon his arrival in state custody, however, Bain was allegedly denied medication for his chronic pain. In addition to his untreated pain, he began to suffer symptoms of withdrawal. *Id.* at 3. Despite his alleged suffering, he claims that he was never offered any form of detoxification treatment.

In late June 2003, Bain was transferred to a facility in Windsor, Vermont. There, he was provided a psychiatric evaluation by Dr. Paul Cotton. Bain's recollection of his meeting with Dr. Cotton is that he informed the doctor of "his withdrawal condition, as well as the fact that he was suffering from severe chronic pain, extreme anxiety, deep depression and the symptoms of traumatic brain injury." *Id.* at 4. Dr. Cotton allegedly responded that these were "medical issues" and thanked him for "stopping by." *Id.* Similarly, Bain reportedly made Dr. William Cote "aware of [his] tenuous situation," but Dr. Cote "offered no meaningful help or treatment." *Id.* Accordingly, Bain claims that his treatment in prison amounted to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

On October 10, 2008, nearly two years after his initial complaint was filed, Bain filed a motion to add psychiatric nurse Mimi Francis as a party. He claims that, like Drs. Cotton and Cote, Francis was aware of his pain symptoms but failed to "render any medically indicated intervention." (Doc. 99 at 4.)

The defendants have now filed a series of motions for summary judgment, arguing that they did not violate Bain's constitutional rights. Responses to those motions were

2

due by the end of January 2010. However, on January 6, 2010, Bain filed a motion for emergency injunctive relief in which he claims that "the Vermont Department of Corrections is needlessly impeding and obstructing his access to his legal files and work product in violation of Plaintiff's protected rights and the Commissioner's own policies . . . ." (Doc. 189 at 1.)

Specifically, Bain alleges that in 2004, his legal files were nearly thrown away at the direction of "one of the Commissioner's agents." *Id.* at 2. In 2007, he was transferred to a prison facility in Oklahoma, but "his extensive legal files were deliberately never shipped to that remote location." *Id.* In September 2007, he was transferred to a facility in Kentucky, but did not obtain access to all of his legal files until June 2008. *Id.*

Bain further claims that in October 2009 he was transferred back to Vermont for a habeas corpus proceeding in state court, and that his legal files did not arrive until shortly before the November 10, 2009 hearing. The Vermont facility "was not amenable to facilitating Plaintiff ready access to the limited legal resources of the facility law library, his legal files, nor would they allow him to possess such files." *Id.* Bain therefore moved the state court for a protective order of "limited duration." The state court granted his motion, but the order is no longer in effect.

Bain is currently incarcerated at the Caledonia County Work Camp ("CCWC"). He alleges that while at the CCWC, he has been denied adequate access to the law library and is unable to open files he has stored on CD. *Id.* at 3. He also claims that since the expiration of the state court's protective order, he has received "no more access to the law libraries resources than any other individual," asserting that other prisoners "are not *Pro*

3

*Se* litigants with multiple active open cases pending in state and federal jurisdictions [and that] their need for access to legal resources are not equal to Plaintiff's." *Id.* Finally, he claims that some of his legal files have been "impounded," and that he has been unable to "meaningfully litigate this and other state and federal actions since on or about the middle of October 2009 due to being transferred and transported back to the State of Vermont and the foregoing." *Id.* at 4-5.

Defendants Steven Gold and Robert Hofmann, both of whom are past Commissioners of the Vermont Department of Corrections ("DOC"), have opposed Bain's motion. Attached to their opposition is an affidavit from Carol Callea, Esq., the DOC's Director of Legal Education / Inmate Access to Courts. Callea testifies that while incarcerated at the CCWC, Bain has been provided access to legal resources consistent with DOC policies. She also asserts that "Mr. Bain is not entitled to additional access to legal resources solely be virtue of the volume of litigation he has filed against the Department. His access is no more or no less than other inmates placed in the Caledonia Work Camp." (Doc. 192-2 at 2.)

## Discussion

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *D.D. ex rel. V.D. v. New York City Bd. of Educ.*,

4

465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). Courts have also held that a motion for preliminary injunctive relief must relate to the allegations contained in the underlying complaint. *See, e.g., McAllistor v. Goord*, 2009 WL 5216953, at *2 (N.D.N.Y. Dec. 30, 2009); *McKinnon v. Tresman*, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004).

In this case, Bain's underlying complaint alleges inadequate mental health care. His motion for injunctive relief claims denial of access to the court. If the Court accepts the proposition that a motion for injunctive relief must relate to the harm alleged in the complaint, Bain's motion should be DENIED.

Furthermore, Bain has failed to establish a likely constitutional violation. The Constitution does not require unlimited and unrestricted access to a prison law library, and prison officials may impose reasonable restrictions on the use of the law library. *See Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987); *Phelan v. Hersh*, 2010 WL 277064, at *8 (N.D.N.Y. Jan. 20, 2010). While it is true that under the Constitution a correctional facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the mere limitation of access to legal materials, without more, does not state a constitutional claim. *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995).

Bain offers no support for his claim that a prisoner with several pending cases is entitled to heightened access to legal materials. To extent that he currently has access to such materials at CCWC, the Callea affidavits attests that his access is consistent with DOC policies and directives. Directive 385.01 provides that inmates will be provided

5

access to the law library no less than 12 hours per week, and that the law library will be open during pre-established posted times. No inmate is allowed access without a law librarian or legal assistance in attendance. (Doc. 192-2 at 7-8.) Bain does not challenge Callea's assertion that the DOC is in compliance with these policies.

Furthermore, when an inmate uses a prison computer, he agrees to the terms of use, including the acknowledgment that "computer access and use is not a right, but is instead priviledge [sic], which may be revoked, limited or modified at any time," and that "future access to any personal legal work stored within law library computers cannot be guaranteed." *Id.* at 13. Consequently, Bain was aware that he could not simply store legal materials on a computer and expect them to be retrievable at any time.

In order to establish that he is being denied access to the courts, Bain must also demonstrate that he has suffered an actual injury. Specifically, he must show that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Bain does not claim either that he will be unable to obtain specific materials, or that any of the documents that have allegedly been "impounded" are required for him to continue this litigation. In particular, Bain has not offered any specific reason why he would be unable to respond to the pending motions for summary judgment.

Because Bain has failed to show any actual or imminent injury, or any likely constitutional violation arising out of his limited access to the prison law library, I recommend that his motion for a preliminary injunction be DENIED.

## **Conclusion**

For the reasons set forth above, I recommend that Bain's motion for emergency injunctive relief (Doc. 189) be DENIED, and that Bain be required to respond to the pending motions for summary judgment within 30 days of the Court's Opinion and Order with regard to this Report and Recommendation.

Dated at Burlington, in the District of Vermont, this 18th day of March, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).